UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LORENZO SMITH,

                                                                                     <u>DECISION AND ORDER</u>

                           Plaintiff,

                                                                                    17-CV-6465L

            v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                           Defendant.
_____

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On October 8, 2014, plaintiff filed an application for supplemental security income, alleging disability beginning May 8, 2013. (Dkt. #8 at 17).[1] His application was initially denied. Plaintiff requested a hearing, which was held on January 20, 2017 before Administrative Law Judge ("ALJ") Brian Kane. The ALJ issued an unfavorable decision on February 27, 2017, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #8 at 17-26). That decision became the final decision of the Commissioner when the Appeals Council denied review on May 17, 2017. (Dkt. #8 at 1-3). Plaintiff now appeals.

The plaintiff has moved, and the Commissioner has cross moved, for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, plaintiff's motion

---

[1] References to page numbers in the Administrative Transcript (Dkt. #8) refer to the internal Bates-stamped numbers assigned by the parties.

(Dkt. #12) is denied, the Commissioner's cross motion (Dkt. #15) is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed.

**DISCUSSION**

**I.     Relevant Standards**

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§ 404.1509, 404.1520. The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).

Here, the ALJ determined that the plaintiff had the following severe impairments: major depressive disorder, posttraumatic stress disorder ("PTSD") and low back pain. (Dkt. #8 at 19). The ALJ found that plaintiff was capable of performing sedentary work, with frequent (but not constant) interaction with coworkers and supervisors, and no more than occasional changes in a routine work setting. (Dkt. #8 at 21). Because the limitations contained in this RFC have "little or no effect on the occupational base of unskilled sedentary work," the ALJ applied the Medical-Vocational Guidelines to find that plaintiff, at the time of his application a 43-year-old man with a high school education, was not disabled.

Plaintiff contends that the ALJ's decision is based on legal error and is not supported by substantial evidence. Specifically, plaintiff claims that the ALJ erred by using plaintiff's sporadic treatment history as a basis to discount his claims of disabling limitations, and failing to meaningfully consider the reasons proffered by plaintiff for his inconsistent treatment. Plaintiff further claims that the ALJ erred by discounting the opinions of a treating nurse practitioner and physician's assistant, on the basis that the opinions were vague, and had not been rendered by acceptable medical sources. The Commissioner argues that the ALJ committed no legal error, and that substantial evidence in the record exists to support his determination that plaintiff is not disabled.

## II.  The ALJ's Consideration of Plaintiff's Sporadic Treatment History

In finding plaintiff not disabled, the ALJ made reference to the "sporadic treatment" sought by plaintiff (Dkt. #8 at 22), and found that plaintiff's "history of inconsistent and rather routine and conservative treatment" did not support plaintiff's claim of total disability. (Dkt. #8 at 24).

Plaintiff points out, correctly, that an ALJ "must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek treatment." *Rogers v. Berryhill*, 2017 U.S. Dist. LEXIS 129517 at *12-*13 (W.D.N.Y. 2017) (where ALJ "relied heavily" on plaintiff's lack of treatment instead of developing the record, creating an "obvious gap," remand is appropriate). Here, although plaintiff did not specifically purport to explain his sporadic treatment history, he did testify at his hearing that he was intermittently homeless and that his depression caused him to miss medical appointments, and his medical records referred to problems with insurance coverage.

3

While it appears that the ALJ did not explicitly address these possible reasons for plaintiff's spotty treatment history in assessing plaintiff's claims, the Court is unconvinced that the ALJ placed undue reliance on the sporadic nature of plaintiff's treatment in rendering his decision.

First, when viewed in context, the ALJ's references to plaintiff's inconsistent treatment are cursory, and were part of a host of factors mentioned by the ALJ, based on an otherwise well-developed record, that supported his findings. Those factors included plaintiff's "routine and conservative treatment" with therapy and medication, the "moderate clinical findings" made by plaintiff's care providers, moderate objective examination findings by examining physician Dr. Janet Williams relative to exertional limitations, and "largely unremarkable" findings by consultative psychologist Dr. Kristina Luna with respect to plaintiff's mental limitations. (Dkt. #8 at 23, 24).

Thus, to the extent that the ALJ erred by referencing the inconsistent nature of plaintiff's treatment history but failing to discuss the reasons suggested by the record therefor, such error was harmless. Here, the ALJ did not "rel[y] heavily" on the inconsistent nature of plaintiff's treatment history to support his findings: the ALJ's conclusions instead rested primarily upon the moderate examination findings and conservative treatment rendered on those occasions when plaintiff *did* receive treatment. *Rogers*, 2017 U.S. Dist. LEXIS 129517 at *13. As such, putting aside the ALJ's references to plaintiff's sporadic medical history, his conclusions were well-supported by other, substantial evidence of record. I find no basis to disturb them.

III. **The ALJ's Rejection of the Opinions of Non-Acceptable Medical Sources**

The ALJ also declined to give more than "little" weight to an August 2014 letter from family nurse practitioner Ftyna Dearring, and a January 2017 note by physician's assistant Terri Ragin, both of whom treated plaintiff at Jordan Health. (Dkt. #8 at 328, 343). In assessing their

4

correspondence, the ALJ noted that the two were not "acceptable medical sources" for purposes of weighing the medical opinions of record, and that their opinions were vague and conclusory, were unsupported by any objective examination findings, and conflicted with the bulk of the evidence of record, including plaintiff's own progress notes from Jordan Health. (Dkt. #8 at 24). Plaintiff argues that the ALJ erred in giving the opinions only "little" weight, and that to the extent that the opinions were vague, the ALJ should have recontacted Ms. Dearring and Ms. Ragin for clarification.

The Court disagrees. Neither Ms. Dearring nor Ms. Ragin is an "acceptable medical source" for purposes of plaintiff's disability claim. They are not treating physicians who the ALJ would have had a duty to recontact, and the deficiencies in their assessments do not create an obvious gap in the record, which contains treatment notes from the facility where they worked, and multiple opinions by treating and examining physicians and psychologists. *See generally* 20 C.F.R. §416.920b. Moreover, their letters are unsupported by the bulk of the objective evidence of record, and contain no objective findings: each amounts to little more than a bare and unsupported conclusion as to the ultimate issue of disability, which is a question reserved for the Commissioner. *See Wilson v. Colvin*, 2017 U.S. Dist. LEXIS 102104 at *11-*12 (W.D.N.Y. 2017). I find no error in the ALJ's decision to afford them "little" weight.

## CONCLUSION

For the reasons set forth above, the Commissioner's cross motion for judgment on the pleadings (Dkt. #15) is granted. Plaintiff's motion for judgment on the pleadings (Dkt. #12) is denied, and the complaint is dismissed, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
October 23, 2018.